On appellant and respondent's joint motion for reversal filed May 4, reversed and remanded June 8, 2016

In the Matter of G. P. F.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. V.-G.,
*Appellant.*

Washington County Circuit Court
J130088;
Petition Number D3J130088;
A160939 (Control)

In the Matter of G. P. F.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. V.-G.,
*Appellant.*

Washington County Circuit Court
J130088; A161211

379 P3d 880

Shannon Storey, Chief Defender, Juvenile Appellate Section, and G. Valerie Colas, Deputy Public Defender, Office of Public Defense Services, and Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, for motion.

Before Hadlock, Chief Judge, and Tookey, Judge.

**PER CURIAM**

In this dependency case, father appeals from a judgment of the juvenile court terminating his parental rights in his two-year-old son on the ground of unfitness. ORS 419B.504.[1] Father contends that the juvenile court erred in terminating his parental rights, because the Department of Human Services (DHS) has failed to establish by clear and convincing evidence that father is presently unfit due to conduct that is seriously detrimental to the child, that integration of the child into father's care is improbable within a reasonable time due to conduct or conditions not likely to change, and that termination is in the child's best interests. ORS 419B.500; ORS 419B.504; *State ex rel SOSCF v. Stillman*, 333 Or 135, 149, 36 P3d 490 (2001) (emphasizing requirement of *present* unfitness). DHS joins in father's contention.[2] On *de novo* review, ORS 19.415(3)(a), we agree with the parties that the evidence in the record does not establish the statutory grounds for termination of father's parental rights, and we therefore reverse the judgment.

Reversed and remanded.

---

[1] The juvenile court has previously terminated mother's parental rights.

[2] The parties have filed a joint motion seeking reversal and remand of the judgment on an expedited basis. The court generally will not entertain such a motion when, as here, a determination whether to reverse would require the court to engage in a *de novo* review (here, the juvenile court's judgment terminating parental rights, ORS 19.415(3)(a)). However, in the extraordinary circumstances of this case, we conclude that resolving the appeal under the expedited procedure is appropriate.